UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARSEN GRAPHICS, INC.,

        Plaintiff,                                     Case No. 1:23-cv-10642

v.                                                 Honorable Thomas L. Ludington
                                                       United States District Judge

XPO LOGISTICS FREIGHT, INC.,

        Defendant.
_____/

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PLAINTIFF'S BILL OF COSTS, AND DIRECTING DEFENDANT TO PAY PLAINTIFF REASONABLY INCURRED COSTS AND FEES UNDER CIVIL RULE 37**

In April 2024, this Court granted Plaintiff Larsen Graphics, Inc.'s Motion to Compel discovery and directed Plaintiff to file a Bill of Costs for its reasonably incurred costs and fees under Civil Rule 37. Currently pending before this Court are Defendant XPO Logistics Freight, Inc.'s objections to Plaintiff's Bill of Costs. For the reasons explained below, Defendant's objections will be overruled, but Plaintiff's requested fee award will be reduced, excluding the hours Plaintiff spent on unrecoverable, extrajudicial matters. In total, Defendant will be directed to pay Plaintiff $3,150 for the nine hours Plaintiff's Counsel spent in "making" Plaintiff's Motion to Compel.

I.

Plaintiff Larsen Graphics, Inc. is a graphic design and print business based in Vassar, Michigan. ECF No. 1 at PageID.1–2. Defendant XPO Logistics Freight, Inc. is a national motor carrier with its principal place of business in Ann Arbor, Michigan. *Id.* at PageID.1 In August 2022, Plaintiff, by and through its freight broker, arranged for Defendant to transport two shipments of Plaintiff's "custom printed materials" from Michigan to a customer in Florida. *Id.* at

PageID.2–3. But neither shipment was successful, and both sets of Plaintiff's prints were significantly damaged upon arrival. *See id.* at PageID.3. In March 2023, Plaintiff filed a Complaint asserting one Carmack Amendment claim against Defendant under 49 U.S.C. § 14706 and seeking $47,858.68 in total damages—representing Plaintiff's actual loss from both shipments. *See* ECF No. 1. Plaintiff also sought attorney's fees. *Id.* at PageID.9.

On August 7, 2023, Plaintiff served Defendant with its first set of interrogatories and document requests. ECF No. 16-2. Defendant's response deadline was September 6, 2023. ECF No. 16 at PageID.67; *see also* FED. R. CIV. P. 33(b)(2) (requiring response within 30 days of service). On September 7, 2023, Plaintiff had not received a response, so Plaintiff's Counsel emailed Defense Counsel asking when Defendant would produce the requested discovery. ECF No. 16-3 at PageID.93–94. Defense Counsel responded two minutes later that he was "[w]orking on them this afternoon as we speak." *Id*. at PageID.93. Five days later—six days after Defendant's deadline—Defense Counsel emailed Plaintiff's Counsel asking for "another two weeks to respond to [the] discovery requests." *Id*. at PageID.92. Plaintiff's Counsel responded that, since the discovery cutoff was less than one week away, Plaintiff would only agree to adjourn Defendant's response deadline if Defendant agreed to adjourn other related deadlines. *Id*. at PageID.91. Defendant agreed, and Plaintiff accordingly filed the Parties' Joint Motion to Adjourn the Scheduling Order, ECF No. 14, on September 18, 2023, which this Court granted. ECF No. 15.

On September 26, 2023—two weeks after Defense Counsel sought a two-week extension—Defendant had still not responded to Plaintiff's discovery requests. ECF No. 16 at PageID.68. So, the next day, Plaintiff's Counsel emailed Defense Counsel asking when Plaintiff could expect Defendant's responses. ECF No. 16-3 at PageID.96. Defense Counsel did not respond. On October 2, 2023, Plaintiff's Counsel again emailed Defense Counsel inquiring about

the overdue discovery responses and notifying Defense Counsel that Plaintiff would file a motion to compel discovery, since the adjourned discovery deadline was the next day. *Id.* at PageID.96; *see also* ECF No. 15 at PageID.60.

On October 3, 2023, Plaintiff filed a motion to compel Defendant to respond to its August 7, 2023 discovery requests, ECF No. 16-2, and to sanction Defendant under Rule 37(a) for reasonable attorney's fees and costs Plaintiff incurred as a result of Defendant's unresponsiveness. ECF No. 16. Defendant did not respond until nearly two months later, on December 6, 2023. ECF No. 19. Defendant argued Plaintiff's Motion was moot because Defendant responded to Plaintiff's first set of interrogatories in the meantime. ECF No. 19 at PageID.178–79. Plaintiff replied that, regardless of Defendants' untimely production, sanctions were still ripe for review. ECF No. 20

In April 2024, this Court denied Plaintiff's Motion to Compel to the extent it sought to compel produced, albeit untimely, discovery. *Larsen Graphics, Inc. v. XPO Logistics Freight, Inc.*, No. 1:23-CV-10642, 2024 WL 1623087, at *4 (E.D. Mich. Apr. 15, 2024). But this Court granted Plaintiff's Motion to Compel to the extent it sought sanctions under Civil Rule 37(a)(5)(A) in the form of reasonably incurred fees and costs. *Id.*; *see also* FED. R. CIV. P. 37(a)(5)(A) (noting courts "must . . . require" the nonmovant to pay the movant's reasonable incurred expenses, including attorney's fees, unless (1) the movant filed the motion to compel before attempting to obtain the discovery without court action; (2) the nonmovant's nondisclosure was justified; or (3) other circumstances make an award of incurred expenses unjust). Accordingly, this Court directed Plaintiff "to file a bill of costs reflecting its reasonable expenses, including attorney's fees, incurred in filing its Motion to Compel." *Larsen Graphics*, 2024 WL 1623087, at *4.

Plaintiff filed its Bill of Costs on April 29, 2024, ECF No. 27, and Defendant objected two weeks later. ECF No. 28.

**II.**

"The most useful starting point" for determining the reasonableness for incurred costs and fees awarded under Civil Rule 37 "is the number of hours reasonably expended . . . by a reasonable hourly rate[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005); *Martin v. Lincor Eatery, Inc.*, No. 2:17-CV-11634, 2018 WL 4658996, at *2 (E.D. Mich. Sept. 28, 2018). "The party requesting attorney's fees bears the burden of establishing that the number of hours and the hourly rate are reasonable." *Martin*, 2018 WL 4658996, at *2.

When assessing the reasonableness of the *number of hours* the movant purportedly incurred by "making the motion," FED. R. CIV. P. 37(a)(5)(A), reviewing courts consider whether the case was overstaffed and "whether the hours purportedly expended were excessive, redundant, and unnecessary." *Id.* (citing *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 627 (6th Cir. 2013)). When assessing the reasonableness of the movant's *hourly rate*, reviewing courts should consider the rates for similarly experienced lawyers at similarly sized law firms in the same community. *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Ultimately, district courts have broad discretion when determining the reasonableness of the expended hours and purported hourly rate of the movant's attorneys. *Martin*, 2018 WL 4658996, at *2–3.

**III.**

In its Bill of Costs, Plaintiff seeks a total of $3,682 in incurred costs and fees, for the 10.3 hours it avers its attorneys collectively worked on its Motion to Compel. *See* ECF Nos. 27; 27-1. Importantly, both of Plaintiff's Attorneys of Record—Ashley E. Racette and Katelyn D. Crysler—worked on Plaintiff's Motion to Compel. ECF No. 27-1 at PageID.267. Attorney Racette was

"primarily responsible for handling" the Motion and worked at a rate of $360 per hour. *Id.* at PageID.265, 267. Attorney Crysler, on the other hand, charged $340 per hour for her work. *Id.* at PageID.267. The reasonableness of these hours and rates will be discussed in turn.

### A. Reasonable Hours

In a declaration attached to Plaintiff's Bill of Costs, Attorney Racette avers that, collectively, she and Attorney Crysler spent a total of 10.3 "necessary" hours on matters related to Plaintiff's Motion to Compel, categorized as follows[1]:

| DESCRIPTION | HOURS | COST |
| --- | --- | --- |
| Correspondence with [Defense Counsel] regarding Defendant's overdue discovery responses; analysis of the impact of Defendant's failure to produce discovery and resulting need for extension of discovery deadlines set forth in the Court's Scheduling Order; correspondence with [Defense] Counsel regarding same; correspondence with the client regarding same; correspondence with [Defense] [C]ounsel regarding Defendant's still-overdue discovery responses; internal conference regarding same | 1.3 | $466 |
| Research for Plaintiff's Motion to Compel; draft Motion to Compel; internal correspondence regarding same | 4.4 | $1,560 |
| Review Defendant's Response to Plaintiff's Motion to Compel | 0.3 | $108 |
| Research for Plaintiff's Reply Brief in Support of Motion to Compel; draft Reply Brief in Support of Motion to Compel | 4.3 | $1,548 |
| **TOTAL:** | **10.3** | **$3,682** |

*Id.* at PageID.266.

But the 1.3 hours Plaintiff's Counsel spent corresponding with their client and Defense Counsel about Defendant's untimely discovery, and how this untimeliness impacted the then-operative scheduling order, are categorically unrecoverable under Civil Rule 37. *See Fortech S.R.L. v. Motor Consultants of Am., Inc.*, No. 22-11648, 2023 WL 5511184, at *1 (E.D. Mich. Aug. 25, 2023) (noting "extrajudicial efforts" such as "communications between counsel about the discovery requests underlying the motion to compel" are unrecoverable); *Martin v. Lincor Eatery,*

---

[1] Notably, this Court does not know—because Plaintiff's attorneys do not say—how many hours Attorney Racette worked, as opposed to Attorney Crysler. *See generally* ECF Nos. 27; 27-1.

*Inc.*, No. 2:17-CV-11634, 2018 WL 4658996, at *3 (E.D. Mich. Sept. 28, 2018) (same); *Nelson v. Ricoh, USA*, No. CV 17-11390, 2018 WL 6728392, at *4 (E.D. Mich. Mar. 1, 2018); *Skurka Aerospace, Inc. v. Eaton Aerospace*, L.L.C., No. 1:08 CV 1565, 2013 WL 12131141, at *2 (N.D. Ohio Aug. 23, 2013) (excluding as extrajudicial efforts the "time that [movant's] attorneys spent attempting to resolve the discovery dispute prior to filing the Motion to Compel"); *Uszak v. Yellow Transp., Inc.*, No. 1:06CV00837, 2007 WL 2085403, at *8 (N.D. Ohio July 13, 2007), *report and recommendation adopted sub nom. Uszak v. Yellow Transp, Inc.*, No. 1:06CV837, 2008 WL 2884133 (N.D. Ohio July 21, 2008), *rev'd in part on other grounds Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102 (6th Cir. 2009) (noting movant "is not entitled to fees for counsels' preliminary discovery-related work including good faith attempts at resolving a discovery dispute such as correspondence with opposing counsel").

In contrast, the remaining 9 hours—4.4 hours spent researching and drafting the motion to compel, 0.3 hours spent reviewing Defendant's response, and 4.3 hours spent researching and drafting the reply—were incurred while "making" Plaintiff's Motion to Compel, and are thus recoverable. FED. R. CIV. P. 37 (a)(5)(A); *see also Uszak*, 2007 WL 2085403, at *8 (noting "[f]ees incurred in making the motion to compel" include "fees for researching, drafting, revising, and filing the motion to compel, as well as time spent reviewing and replying to opposing counsel's response"). But Defendant argues, without legal support, that these hours are unreasonably excessive because, "in defense counsel's experience, the time spent preparing a motion to compel . . . should not exceed an hour to an hour and a half at the most." ECF No. 28 at PageID.271. True, motions to compel are often legally straightforward. *See Lotus Indus., LLC v. Archer*, No. 2:17-CV-13482, 2019 WL 4126558, at *4 (E.D. Mich. Aug. 30, 2019); *Castro v. Los Camperos*, Inc., No. 2:13-CV-1186, 2014 WL 4626292, at *4 (S.D. Ohio Sept. 15, 2014). And Plaintiff's eight-

page motion and seven-page reply do not raise any novel or complex legal issues. *See* ECF Nos. 16; 20. But nine hours is not an excessive amount of time to "make" a motion to compel and a reply in support. *See*, *e.g.*, *Castro*, 2014 WL 4626292, at *4 (finding 19 hours was reasonable for drafting and filing eight-page "exceptionally simple motion to compel"); *Myers v. SSC Westland Operating Co., LLC*, No. 13-14459, 2015 WL 3915797, at *4 (E.D. Mich. June 25, 2015) (finding 17 hours excessive); *Martin v. Lincor Eatery, Inc.*, No. 2:17-CV-11634, 2018 WL 4658996, at *4 (E.D. Mich. Sept. 28, 2018) (finding 23 hours excessive to draft a motion to compel and reply in support; and accordingly reducing to 11.5 hours) *Lotus Indus., LLC v. Archer*, No. 2:17-CV-13482, 2019 WL 4126558, at *4 (E.D. Mich. Aug. 30, 2019) (finding 10 hours reasonable for filing motion to compel response and attending motion conference).

As recognized by the Supreme Court, a fee request "should not result in a second major litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants" when assessing these requests. *Fox v. Vice*, 563 U.S. 826, 838 (2011). Indeed, the "essential goal" in assessing fee requests is "to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* With a sound overall sense of this suit, the number of hours Plaintiff's Counsel reasonably spent on matters "making" its motion to compel will be reduced from 10.3 to 9.

### B. Reasonable Rate

The next issue is whether Plaintiff's Attorneys charged a reasonable hourly rate. As discussed, Attorney Racette—an attorney with seven years of experience litigating commercial cases in federal and state court—charged $360 per hour for her work. ECF No. 27-1 at PageID.267. Attorney Chrysler, who had five years of comparable experience, charged $340 per hour. *Id.*

- 7 -

Attorney Racette avers that these hourly rates "fall near the median" for similarly experienced attorneys at similarly sized law firms throughout the Midwest, excluding larger markets like Chicago. *Id.* Defendant objects that these hourly rates are unreasonable, and cites the State Bar of Michigan's 2023 Economics of Law Report. ECF No. 28 at PageID.271–72 (citing ECF No. 28-1). But, according to that Report, Attorney Racette's hourly rate falls between the 50th and 75th percentile of similarly experienced Michigan attorneys. *See* ECF No. 28-1 at PageID.285. And Attorney Crysler's hourly rate is in the 75th percentile of rates charged by Michigan attorneys with three-to-five years of experience. *See id.* Without more, this Court cannot say the hourly rates identified in Plaintiffs' Bill of Costs are unreasonably excessive. However, because Plaintiff does not identify which of the nine hours were worked by Attorney Racette (at an hourly rate of $360), or Attorney Crysler (at an hourly rate of $340 per hour), this Court will split the difference and conclude that $350 is a reasonable hourly rate for the work Plaintiffs' Counsel performed regarding its Motion to Compel.

Accordingly, Defendant's Objections to Plaintiff's Bill of Costs will be overruled,[2] and Plaintiff will be awarded $3,150 in incurred costs and fees for the nine hours its Counsel spent researching, drafting, and filing its Motion to Compel.

---

[2] Defendant raises two additional arguments opposing Plaintiff's Bill of Costs. Both are inapposite and meritless. First, repeating arguments it raised in opposition to Plaintiff's Motion to Compel, Defendant argues that Plaintiff's Bill of Costs should be rejected because Defendant's "failure to timely answer" Plaintiff's discovery requests "was substantially justified" in light of the Parties' ongoing settlement conversations. ECF No. 28 at PageID.272–73 (emphasis omitted). But this Court expressly rejected this argument when granting Plaintiff's Motion to Compel. *See Larsen Graphics, Inc. v. XPO Logistics Freight, Inc.*, No. 1:23-CV-10642, 2024 WL 1623087, at *4 (E.D. Mich. Apr. 15, 2024). Defendant then pivots and argues Plaintiff's *Bill of Costs* should be rejected because Plaintiff's *Motion to Compel* did not comply with this Local Rule 7.1's concurrence obligations. ECF No. 28 at PageID.273. But (1) Defendant never raised this argument in its three-page response to Plaintiff's Motion to Compel, ECF No. 19, and (2) Plaintiff *did* comply with Local Rule 7.1 by "comply[ing] with Federal Rule of Civil Procedure 37(a)(1)" and seeking to

**IV.**

Accordingly, it is **ORDERED** that Defendant's Objections to Plaintiff's Bill of Costs, ECF No. 28, are **OVERRULED.**

Further, it is **ORDERED** that Defendant is **DIRECTED** to pay $3,150 in reasonably incurred attorney's fees and costs to Plaintiff **on or before November 12, 2024.**

Dated: October 25, 2024                                       s/Thomas L. Ludington
                                                              THOMAS L. LUDINGTON
                                                              United States District Judge

---

obtain the overdue, unprovided discovery before filing a motion to compel. Local Rule 7.1(a)(1); *see also* ECF Nos. 16-3; 16-4 (emails between Counsel).